NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRISTINA MIGUEL GASPAR;
ANTONIA CAROLINA PEDRO
MIGUEL; A. P. M.; L. P. M.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1151

Agency Nos.
A245-350-057
A245-350-018
A245-350-059
A245-350-060

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.***

Cristina Miguel Gaspar and her three children, natives and citizens of

Guatemala, petition for review of a decision by the Board of Immigration Appeals

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel previously granted Respondent's unopposed motion to
submit this case on the briefs (Dkt. 27).

\*\*\*      The Honorable J. Campbell Barker, United States District Judge for
the Eastern District of Texas, sitting by designation.

("BIA") dismissing an appeal from an order by an Immigration Judge ("IJ") denying Petitioners' applications for withholding of removal.[1]  Where, as here, the BIA adopts and affirms the decision of the IJ and provides additional reasoning, we review both decisions.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).  We review the Agency's factual findings for substantial evidence, and the Agency's findings will be upheld unless we are "*compelled* to conclude to the contrary."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citation omitted).  We have jurisdiction over this appeal under 8 U.S.C. § 1252, and we deny the petitions.

For withholding of removal claims, "a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm."  *Rodriguez-Zuniga*, 69 F.4th at 1016.

Substantial evidence supports the Agency's denial of Petitioner's withholding of removal claim due to Petitioner's failure to establish a causal nexus between a protected ground and her past or future harm.  Petitioner claims past persecution on account of her race as an indigenous Mayan.  After her in-laws' home was destroyed in a landslide, Petitioner struggled financially, and alleges no help was available for indigenous communities from the Guatemalan government.

---

[1] Because all of Miguel Gaspar's children's claims for relief are based on the same experiences as Miguel Gaspar, we analyze only Miguel Gaspar's claim.

Even accepting Petitioner's theory of past persecution, the record does not compel the conclusion that the Guatemalan government did not provide relief to Petitioner because she was Mayan. The record shows that at least some municipal relief was provided to indigenous communities after Hurricane Eta. Further, Petitioner does not point to any attempt to seek aid that was denied because she was Mayan.

Next, Petitioner claims that she fears returning to Guatemala because she will not be able to financially provide for her family, and because gangs may target her children for kidnapping and extortion, or to assist in their criminal activities. Even accepting Petitioner's fear of future persecution theory, Petitioner's general fear of economic struggle is not on account of her being Mayan, and Petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, the record does not compel the conclusion that any future harm would be because Petitioner is Mayan.

**PETITIONS FOR REVIEW DENIED**.[2]

---

[2] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 4, is otherwise denied.